**Balwinder KAUR, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–75967.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006 *.

Filed Dec. 15, 2006.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Melissa Neiman–Kelting, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Mark L. Gross, Esq., Nathaniel Pollock, U.S. Department of Justice, Civil Rights Division/Appellate Section, Lisa J. Stark, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: GOODWIN, LEAVY, and FISHER, Circuit Judges.

MEMORANDUM **

Balwinder Kaur, a native and citizen of India, petitions for review of the Board of Immigration Appeals' summary affirmance of an Immigration Judge's ("IJ") denial of her application for asylum, withholding of deportation, and relief under the Convention Against Torture ("CAT"). We review for substantial evidence, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001), and we deny in part, grant in part, and remand.

Substantial evidence supports the IJ's adverse credibility finding based on inconsistencies between petitioner's application and testimony and inconsistencies within petitioner's testimony regarding the length of her first detention, where she was held after her first arrest, and whether she was politically active and detained during the period between her first and second arrest. *See id.* at 1043–45.

Because petitioner failed to demonstrate that she is eligible for asylum, it follows that she did not satisfy the more stringent standard for withholding of deportation. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

Because petitioner's CAT claim is based on the same testimony that was found not

Hardeep Singh Rai, George T. Heridis, Esq., Rai & Associates, PC, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA,

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

credible, and she points to no other evidence to support this claim, her CAT claim also fails. *See id.* at 1157.

 Because the IJ granted voluntary departure for a 60–day period, and the BIA streamlined and changed the voluntary departure to 30 days, and the BIA was required under *Padilla–Padilla v. Gonzales,* 463 F.3d 972, 981 (9th Cir.2006), to affirm the entirety of the IJ's decision when streamlining, we remand to the BIA for further proceedings regarding voluntary departure.

**PETITION FOR REVIEW DENIED in part; GRANTED in part and RE-MANDED.**